## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CORNUCOPIA OIL & GAS COMPANY, LLC,[1] | Case No. 19-11782 (LSS) |
| Debtor. | **Objections Due: October 7, 2020 at 4:00 p.m. (ET)**<br>**Hearing Date:  November 10, 2020 at 11:00 a.m. (ET)** |

### MOTION OF LITIGATION TRUSTEE
### FOR AN ORDER DISMISSING PRIME CLERK LLC AS
### CLAIMS AND NOTICING AGENT AND ADMINISTRATIVE ADVISOR

Clingman & Hanger Management Associates, LLC, in its capacity as litigation trustee (the "Litigation Trustee"), by and through its undersigned counsel, hereby submits this motion for an order dismissing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent and administrative advisor (the "Motion").  In support of the Motion, the Litigation Trustee respectfully states as follows:

### JURISDICTION

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This

---

[1]     The last four digits of the remaining Debtor's federal tax identification number are 9914 and the location of the Debtor's corporate headquarters is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter

a final order consistent with Article III of the United States Constitution.[2]

## BACKGROUND

2.      On August 9, 2019, the above-captioned debtor, Furie Operating Alaska, LLC, and

Corsair Oil & Gas LLC[3] (collectively, the "Debtors") each filed voluntary petitions with this Court

for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The

Debtors continued to operate their business and manage their properties as debtors-in-possession

pursuant to sections 1107(a) and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1532 (the "Bankruptcy Code").

3.      On September 12, 2019, the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee") declined to appoint an official committee of unsecured creditors

[Case No. 19-11781, Docket No. 129].

4.      The factual background regarding the Debtors, including a description of the

Debtors' business, capital structure, and the circumstances leading to these Chapter 11 Cases are

set forth in the *Declaration of Scott M. Pinsonnault in Support of the Debtors' Chapter 11 Petitions

and First Day Pleadings* [Case No. 19-11781, Docket No. 2], which is incorporated herein by

reference.

---

[2]      Pursuant to Rule 9013-1(t) Local Rules of Bankruptcy Practice and Procedure of the United States
Bankruptcy Court for the District of Delaware (the "Local Rules"), the Litigation Trustee hereby confirms its consent
to entry of a final order by this Court in connection with this Objection if it is later determined that this Court, absent
consent, cannot enter final orders or judgments consistent with Article Ill of the United States Constitution.

[3]      On July 1, 2020, the Court entered the *Final Decree and Order (I) Closing Certain Cases and (II) Amending
Caption of Remaining Case* [Case No. 19-11781, Docket No. 868] closing the bankruptcy cases filed by Furie
Operating Alaska, LLC, and Corsair Oil & Gas LLC.

5.      On August 12, 2019, the Court entered an Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent [Case No. 19-11781, Docket No. 56] and on September 17, 2019, the Court entered an order appointing Prime Clerk as the Debtors' administrative advisor [Case No. 19-11781, Docket No. 163] (together, the "Retention Orders").

6.      On May 6, 2020, the Debtors filed *The Second Amended Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code* [Case No. 19-11781, Docket No. 754].

7.      On May 6, 2020, the Debtors filed the *Second Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code* [Case No. 19-11781, Docket No. 755], which was approved on May 8, 2020 [Case No. 19-11781, Docket No. 761].

8.      On June 7, 2020, the Debtors filed *The Third Amended Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code* [Case No. 19-11781, Docket No. 806] (the "Plan")[4], which was confirmed on June 11, 2020.

9.      On June 12, 2020, the Court entered the *Order Confirming the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Case No. 19-11781, Docket No. 835] (the "Confirmation Order").

10.     On June 30, 2020 (the "Effective Date"), the Plan went effective.  Prior to the Effective Date, no trustee or examiner had been appointed in these Chapter 11 Cases.

11.     The Plan does not provide for a distribution to general unsecured creditors, and, to date, approximately 88 proofs of claim have been filed against Debtors.

---

[4] All terms used but not defined herein shall have the meaning ascribed to them in the Plan.

**RELIEF REQUESTED**

12.     The Litigation Trustee seeks entry of an order pursuant to Bankruptcy Code Section 105(a) and Local Rule 2002-1(f) allowing the Litigation Trustee to dismiss Prime Clerk as claims and noticing agent and administrative advisor effective upon entry of an order granting this Motion.

**BASIS FOR RELIEF**

13.     Prime Clerk has served diligently throughout the case and has been effective as the Debtors' claims and noticing agent and administrative advisor.  However, given the current state of the case, the continued expense of having Prime Clerk continue to monitor the case is not justified.  Less than 100 claims were filed and general unsecured claims receive no payout under the Plan thereby requiring very little reconciliation of claims.

14.     Although Prime Clerk has been efficient, any continued incremental cost to the litigation trust cannot be justified given the trust's limited resources.  The Litigation Trustee is able to maintain a list of all claims and their allowed claim amounts, including continued updates to the claims register and disbursing chart with any changes of addresses received.  Accordingly, the Litigation Trustee respectfully submits that Prime Clerk has served the purpose intended under Local Rule 2002-1(f).

15.     The Litigation Trustee understands that pursuant to its engagement with Prime Clerk, Prime Clerk (a) will turn over all documents relating the proofs of claim filed on behalf of creditors to the Clerk of the Court (or any such entity as the Clerk of the Court may direct); and (b) provide to the Clerk of the Court (or any such entity the Clerk of Court may direct) and the Litigation Trustee all official claims register information, together with an up-to-date mailing list for all creditors, including entities that have filed a proof of claim, a record of all transfers of claims, and any other information required to be maintained by Prime Clerk pursuant to the

Retention Orders.  The Litigation Trustee also understand that Prime Clerk will comply with Local Rule 2002-1(f)(xii).

## **NOTICE**

16.    A copy of the Motion has been served upon the following parties or, in lieu thereof, their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) all parties requesting notice pursuant to Bankruptcy Rule 2002;[5] and (c) Prime Clerk.  The Litigation Trustee submits that no further notice is required.

WHEREFORE, the Litigation Trustee respectfully requests that the Court enter an order (i) allowing the Litigation Trustee to dismiss Prime Clerk as claims and noticing and administrative advisor effective upon entry of an order granting the Motion; (ii) directing Prime Clerk to turn over the information listed in paragraph 15 above to the Clerk of the Court; and (iii) awarding any further relief the Court deems just and proper.

Dated: September 23, 2020
      Wilmington, Delaware

WOMBLE BOND DICKINSON (US) LLP

 */s/ Ericka F. Johnson*
Matthew P. Ward (DE Bar No. 4471)
Ericka F. Johnson (DE Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:    (302) 252-4320
Facsimile:    (302) 252-4330
Email:        matthew.ward@wbd-us.com
              ericka.johnson@wbd-us.com

*Counsel to the Litigation Trustee*

---

[5]    Pursuant to the Plan, parties are required to have filed a renewed request to receive documents pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to remain a party served pursuant to Bankruptcy Rule 2002.

WBD (US) 50194327v1