**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORNUCOPIA OIL & GAS COMPANY, LLC,[1] | Case No. 19-11782 (LSS) |
| Debtor. | **Objection Deadline: 1/7/21 at 4:00 p.m. (ET)**<br>**Hearing Date: To be determined** |

**MOTION OF THE LITIGATION TRUSTEE FOR ORDER UNDER BANKRUPTCY
CODE SECTION 105(a) AND BANKRUPTCY RULE 9006 EXTENDING TIME TO
OBJECT TO CLAIMS**

Clingman & Hanger Management Associates, LLC, the litigation trustee (the "Litigation Trustee") for the Litigation Trust (the "Litigation Trust"), hereby moves (the "Motion") for entry of an order under §105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the Claims Objection Deadline (as defined below) for Claims (as defined below) through and including June 30, 2021.  In support of the Motion, the Litigation Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and Article XI of the Third Amended Joint Plan of Reorganization for the Debtors under Chapter 11 of the Bankruptcy Code (the "Plan"), approved by the Order Confirming the Plan (Docket No. 835) (the "Confirmation Order").  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]      The last four digits of the remaining Debtor's federal tax identification number are 9914.

2.     The statutory predicate for the relief requested herein is Bankruptcy Code section 105(a).  Such relief is also warranted under Bankruptcy Rule 9006.

## BACKGROUND

### A.     The Bankruptcy Cases

3.     On August 9, 2019 (the "Petition Date"), Furie Operating Alaska, LLC, Cornucopia Oil & Gas Company, LLC, and Corsair Oil & Gas LLC (collectively, the "Debtors") commenced these chapter 11 cases by each filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Prior to the effectiveness of the Debtors' Plan, the Debtors remained in possession of their assets and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No committee, trustee, or examiner was appointed in these chapter 11 cases (the "Chapter 11 Cases").

4.     On June 5, 2019, the Debtors formally retained Seaport Global Securities LLC ("Seaport") and, with Seaport's assistance, started the work necessary to run a successful sale process.  The Debtors, through Seaport and their other professionals, conducted a robust marketing effort for the sale of the Debtors' assets and/or equity interests.

5.     On December 5, 2019, the Debtors held an auction in accordance with the bidding procedures approved by this Court.  At the conclusion of the auction, HEX L.L.C. ("HEX") was named the Successful Bidder.  However, after the auction, HEX did not make the required deposits or provide evidence of committed financing as required by the terms of its successful bid.  As a result, the Debtors, in the exercise of their fiduciary duties, determined to pursue other offers.

6.     On February 17, 2020, Kachemak Exploration LLC ("Kachemak") submitted to the Debtors that certain *Acquisition by Foreclosure Agreement*, dated February 17, 2020,

between and among the Debtors, as sellers, and Kachemak, as the acquirer (the "Kachemak AFA").  Under the Kachemak AFA, Kachemak would acquire new equity interests of the reorganized debtors to be issued pursuant to a chapter 11 plan.  However, on March 19, 2020, Kachemak notified the Debtors that it was terminating the Kachemak AFA in accordance with its terms because certain of the Debtors' prepetition lenders did not timely consent to the transactions contemplated therein.  Following the termination of the Kachemak AFA, the Debtors renewed discussions with HEX regarding the sale of new equity interests (the "New Equity Interests") on terms similar to those outlined in the Kachemak AFA.

7.        On November 5, 2019, the Debtors filed a Motion[2] to establish dates by which Proofs of Claim against the Debtors must be submitted.  On September 12, 2019, the Court entered an Order[3] establishing a general bar date of December 16, 2019 at 5:00 p.m. and a governmental bar date of February 5, 2020 at 5:00 p.m.  On February 19, 2020, the Debtors filed a Motion[4] to establish a bar date for administrative claims.  On March 4, 2020, the Court entered an Order[5] establishing April 6, 2020 at 5:00 p.m. (prevailing Eastern Time) as deadline by which proofs of claim with respect to administrative claims (other than claims under Bankruptcy Code section 503(b)(9)) arising after the Petition Date and on or before February 29, 2020 must be filed.  The Plan set the date that is the first Business Day that is thirty (30) days after the

---

[2]    *Debtors' Motion for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Procedures for Filing Proofs of Claim; And (III) Approving the Form, Manner, and Sufficiency of Providing Notice Thereof* [Docket No. 209].

[3]    *Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Procedures for Filing Proofs of Claim; And (III) Approving the Form, Manner, and Sufficiency of Providing Notice Thereof* [Docket No. 258].

[4]    *Debtors' Motion for Entry of an Order (I) Establishing an Administrative Bar Date and (III) Approving the Form and Manner of Notice Thereof* [Docket No. 552].

[5]    *Order (I) Establishing an Administrative Bar Date and (III) Approving the Form and Manner of Notice Thereof* [Docket No. 615].

Effective Date as the last date by which proofs of claim with respect to administrative claims arising on or after March 1, 2020 and prior to the Effective Date must be filed.

8.        On November 5, 2019, the Debtors filed a Motion[6] requesting an extension of the exclusivity period, and on November 18, 2020, the Court entered an Order[7] extending Debtors' exclusivity period and exclusive solicitation period through and including March 9, 2020 and May 5, 2020, respectively.  On March 5, 2020, the Debtors filed a second Motion[8] requesting an additional extension of the exclusivity period, and on March 25, 2020, the Court entered an Order[9] extending Debtors' exclusivity period and exclusive solicitation period through and including June 9, 2020 and August 8, 2020, respectively.  On May 12, 2020, the Debtors filed a third Motion[10] requesting a final extension of the exclusivity period to allow for the solicitation of votes on the Plan.  On June 3, 2020, the Court entered an Order[11] extending Debtors' exclusivity period and exclusive solicitation period through and including June 27, 2020 and August 13, 2020, respectively

**B.    The Plan Process**

9.        The discussions between HEX and the Debtors culminated in the Plan Term Sheet, dated April 14, 2020 (the "Plan Term Sheet"), outlining the sale of New Equity Interests

---

[6]    *Motion of the Debtors for Entry of an Order Extending the Exclusivity Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptance Thereof* [Docket No. 260].

[7]    *Order Extending the Exclusivity Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof* [Docket No. 289].

[8]    *Debtors' Second Motion for Entry of an Order Extending the Exclusivity Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptance Thereof* [Docket No. 628].

[9]    *Order Extending the Exclusivity Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof* [Docket No. 682].

[10]   *Debtors' Third Motion for Entry of an Order Extending the Exclusivity Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptance Thereof* [Docket No. 768].

[11]   *Order Extending the Exclusivity Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof* [Docket No. 801].

to HEX pursuant to the Plan (the "Acquisition").  The Debtors' Board reviewed the Plan Term Sheet and determined, in the exercise of its fiduciary duties, that pursuing the transactions contemplated therein would maximize value and was in the best interests of the Debtors' estates.

10.    Subsequently, certain parties and the Debtors entered into the Plan Term Sheet, a copy of which was filed with the Bankruptcy Court on April 15, 2020 [Docket No. 708].  On April 19, 2020, HEX and the Debtors entered into that certain *Acquisition by Foreclosure Agreement*, dated as of that date (the "HEX AFA").  On May 6, 2020, the Debtors filed a second amended plan and amended Disclosure Statement.  The second amended plan was subsequently revised.

11.    After extensive discussions between the Debtors and the Debtors' key stakeholders, which resulted significant revisions to the Plan and concessions by all parties involved, the Debtors filed the Plan on June 7, 2020.  The Plan provides that the Prepetition Term Loan Administrative Agent will complete a foreclosure for the retention and acceptance of the pledged interests in Cornucopia and Corsair (the "Pledged Equity") by its designee, in partial satisfaction of the Prepetition Term Loan Obligations.  The Pledged Equity will be cancelled and extinguished pursuant to the terms of the Plan, the Confirmation Order, and the New Equity Interests, pursuant to the terms of the HEX AFA, the Plan, the Confirmation Order, and the other Definitive Documents, will be issued to HEX's, designee, HEX Cook Inlet LLC, and Alaskan limited liability company ("HEX Cook Inlet").  In exchange, HEX Cook Inlet will pay $5 million to the Debtors, which will be used to satisfy certain claims and taxes.

12.     On April 20, 2020, the Court entered an Order[12] scheduling a hearing to consider the *Second Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 755] (the "Disclosure Statement") for May 8, 2020 and requiring responses or objections to be filed by May 5, 2020. On May 8, 2020, following the Disclosure Statement hearing, the Court entered an Order[13] (the "Disclosure Statement Order"), approving the Disclosure Statement and approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "Solicitation Procedures").

13.     On May 29, 2020 and on June 8, 2020, the Debtors filed additional documents and forms of documents, agreements, schedules, and exhibits to the Plan to effectuate the terms and conditions of the Plan (collectively, the "Plan Supplement").   The Plan Supplement contained the agreement between the Debtors and the Litigation Trustee (the "Litigation Trust Agreement").

14.     On June 12, 2020, the Court entered the Confirmation Order.  On June 30, 2020 (the "Effective Date"), the Plan went effective.  *See* Docket No. 866.

15.     The deadline, as may be extended, to object to any:

> right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured;  or

---

[12]   *Order Granting Debtors' Motion for (I) a Shortened Notice and Objection Period, (II) an Expedited Hearing, and (III) an Expedited Ruling With Respect to Debtors' Motion for Entry of an Order (A) Approving Disclosure Statement; (B) Establishing Voting Record Date, Voting Deadline, and Other Dates; (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on Plan and for Filing Objections to Plan; (D) Approving Manner and Forms of Notice and Other Related Documents;  and (E) Granting Related Relief* [Docket No. 720].

[13]   *Order (A) Approving Disclosure Statement; (B) Establishing Voting Record Date, Voting Deadline, and Other Dates; (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on Plan and for Filing Objections to Plan; (D) Approving Manner and Forms of Notice and Other Related Documents; and (E) Granting Related Relief* [Docket No 761].

right to an equitable remedy for breach of performance if such breach
gives rise to a right to payment, whether or not such right to an equitable remedy
is reduced to judgment, fixed, contingent, matured, unmatured, disputed,
undisputed, secured, or unsecured

(collectively, "Claims")[14] is 180 days after the Effective Date or December 28, 2020 (as

extended, the "Claims Objection Deadline").

## RELIEF REQUESTED

16.    By this Motion, the Litigation Trustee seeks entry of an order under Bankruptcy

Code section 105(a) and Bankruptcy Rule 9006 further the Claims Objection Deadline through

and including June 30, 2021.

## BASIS FOR RELIEF

17.    As noted above, the Claims Objection Deadline expires on December 28, 2020.

Few Claims were filed against the Debtors and, under the Plan, General Unsecured Claims (as

defined in the Plan) were cancelled without any distribution.  Indeed, the beneficiaries of the

Litigation Trust are limited to the parties identified on Schedule 1 to the Trust Agreement and the

claim amounts were also identified in such schedule.

18.    However, the focus of the Litigation Trustee since the Effective Date has been on

investigating potential causes of action that may provide sources of recoveries to the

beneficiaries of the Litigation Trust.

19.    Accordingly, although the Liquidating Trustee and its respective professionals

have worked promptly and efficiently in winding up the affairs of the Debtors and investigating

causes of action, it is unclear what reconciliation of Claims will ultimately be necessary given

the limited scope of the permitted distributions under the Plan.  Nonetheless, to beneficiaries are

---

[14]    Claims is defined broadly to include any asserted right to payment or right to equitable remedy, including any
right to payment or equitable remedy that is asserted as entitled to priority.

not prejudiced and out of an abundance of caution should claims reconciliation become necessary, the Litigation Trustee seeks an extension of time to object to the Claims.

### APPLICABLE AUTHORITY

20.     Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for time periods provided under certain Bankruptcy Rules that are not applicable here.  See Fed. R. Bankr. P. 9006(b).

21.     Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Further, it is generally recognized that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." *See In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (citing Collier on Bankruptcy, ¶ 105.04 at 105-15 & n.5 (15th rev. ed. 1989)).

22.     In this instance, sufficient cause exists to extend further the Claims Objection Deadline.  The requested extension of time will provide the Litigation Trustee the opportunity to continue its focus on investigation of causes of action before pivoting to claims reconciliation and only if such analysis become necessary.

23.     Should claims reconciliation be deemed necessary, the Litigation Trustee believes that many of the Claims ultimately will be consensually resolved, particularly if the Litigation Trustee is afforded sufficient time to complete its review of such Claims.  Consensual resolution of outstanding Claims will conserve judicial resources, minimize burdens on the Court that would necessarily accompany unnecessary claims litigation, and minimize related expenses that otherwise would be incurred by the Litigation Trustee.

## NOTICE

24.     Notice of this Motion will be served upon: (i) the Office of the United States Trustee; and (ii) all parties that have requested notice and service of pleadings in these cases pursuant to Fed. R. Bankr. P. 2002.  In light of the nature of the relief requested herein, the Litigation Trustee submits that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Litigation Trustee seeks entry of an order (i) further extending the Claims Objection Deadline for Claims through and including June 30, 2021, and (ii) granting the Litigation Trustee such relief as is just and proper.

Dated:  December 24, 2020  
       Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ericka F. Johnson*
Matthew P. Ward (Del. Bar No. 4471)
Ericka F. Johnson (Del. Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail:  matthew.ward@wbd-us.com
E-mail:  ericka.johnson@wbd-us.com

*Counsel for the Litigation Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORNUCOPIA OIL & GAS COMPANY, LLC,[1] | Case No. 19-11782 (LSS) |
| Debtor. | **Related Docket No. _____** |

**ORDER GRANTING MOTION OF THE LITIGATION TRUSTEE
FOR ORDER UNDER BANKRUPTCY CODE SECTION 105(a) AND
BANKRUPTCY RULE 9006 EXTENDING TIME TO OBJECT TO
CLAIMS AND ADMINISTRATIVE EXPENSE REQUESTS**

Upon the motion (the "<u>Motion</u>")[2] of the Litigation Trustee for entry of an order under Bankruptcy Code section 105(a) and Bankruptcy Rule 9006 further extending the time to object to Claims and administrative expense requests; and the Court having determined that the relief requested in the Motion is in the best interests of these bankruptcy estates, the Litigation Trust, creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

---

[1]     The last four digits of the remaining Debtor's federal tax identification number are 9914.

[2]     Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1.      The Motion is GRANTED.

2.      The Claims Objection Deadline is extended for the Litigation Trustee to object to Claims through and including June 30, 2021.

3.      Entry of this Order is without prejudice to the rights of the Litigation Trustee to seek further extensions of the Claims Objection Deadline.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORNUCOPIA OIL & GAS COMPANY, LLC,[1] | Case No. 19-11782 (LSS) |
| Debtor. | **Objection Deadline: 1/7/21 at 4:00 p.m. (ET)**<br>**Hearing Date: To be determined** |

**NOTICE OF MOTION OF THE LITIGATION TRUSTEE FOR ORDER UNDER
BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY
RULE 9006 EXTENDING TIME TO OBJECT TO CLAIMS
MOTION OF THE LIQUIDATING TRUSTEE**

      **PLEASE TAKE NOTICE** that on December 24, 2020, Clingman & Hanger Management Associates, LLC, the litigation trustee for the Litigation Trust (the "Litigation Trustee"), filed the attached *Motion of the Litigation Trustee for Order Under Bankruptcy Code Section 105(a) and Bankruptcy Rule 9006 Extending Time to Object to Claims and Administrative Expense Requests* (the "Motion").

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion may be scheduled for **a date and time to be determined** before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware (the "Court"), 824 N. Market Street, 6th Floor, Courtroom #2, Wilmington, Delaware 19801 (the "Hearing").

      **PLEASE TAKE FURTHER NOTICE** that any objections or responses to the relief sought in the Motion must be in writing and filed with the Court and served on the undersigned

---

[1]     The last four digits of the remaining Debtor's federal tax identification number are 9914.

counsel to Liquidating Trustee so as to be actually received by them no later than **January 7, 2021 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** THAT IF NO OBJECTIONS ARE FILED BY THE OBJECTION DEADLINE, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR A HEARING.

Dated:  December 24, 2020　　　　　**WOMBLE BOND DICKINSON (US) LLP**
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　*/s/ Ericka F. Johnson*
　　　　　　　　　　　　　　　　　Matthew P. Ward (Del. Bar No. 4471)
　　　　　　　　　　　　　　　　　Ericka F. Johnson (Del. Bar No. 5024)
　　　　　　　　　　　　　　　　　1313 North Market St., Suite 1200
　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　Telephone: (302) 252-4320
　　　　　　　　　　　　　　　　　Facsimile: (302) 252-4330
　　　　　　　　　　　　　　　　　E-mail:  matthew.ward@wbd-us.com
　　　　　　　　　　　　　　　　　E-mail:  ericka.johnson@wbd-us.com

　　　　　　　　　　　　　　　　　Counsel for the Litigation Trustee

2